**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:11cv16**

RBC BANK (USA),           )
                                    )
          **Plaintiff,**      )
                                    )     **MEMORANDUM OF**
          **vs.**             )     **DECISION AND ORDER**
                                    )
JOHNNY ISLAM CHOWDHURY,   )
                                    )
          **Defendant.**     )
_____ )

       **THIS MATTER** is before the Court on the Plaintiff's Motion for Summary

Judgment [Doc. 9].

## I.    BACKGROUND

       In this action, the Plaintiff RBC Bank (USA) seeks to recover from the

Defendant Johnny Islam Chowdhury the balance due on a Secured Fixed

Rate Note and Security Agreement ("Note") executed by the Defendant on

September 10, 2007 in the original principal amount of $180,000.  [Complaint,

Doc. 1-1 at 8, ¶3].   The Note was secured by real property known as 332

North Wildflower Road, Franklin, Macon County, North Carolina ("Property").

[Id. at 8, ¶4].

When the Defendant failed to make payments on the Note, the Plaintiff accelerated the balance due, and on December 4, 2009, conducted a foreclosure sale on the Property. [Id. at 8-9, ¶5]. Net proceeds of $61,077.66 were credited to the Note from the foreclosure sale, leaving a deficiency balance remaining due under the Note from the Defendant as of December 31, 2010 in the amount of $128,146.00, with interest continuing to accrue at the rate of $24.78 per diem. [Id. at 8-9, ¶¶5, 6]. The Trustee's Deed conveying the Property to the Plaintiff was recorded with the Macon County Register of Deeds on January 13, 2010. [Trustee's Deed, Doc. 9-7].

Approximately five months later, on June 14, 2010, the Plaintiff filed a deficiency action ("Canadian Action") against the Defendant in the Ontario Superior Court of Justice ("Ontario Court"). [Statement of Claim, Doc. 9-1].[1] In response, the Defendant, through counsel, served the Plaintiff with a Motion seeking a stay of the Canadian Action on the grounds that North Carolina was a more convenient forum for the parties' dispute. [Motion, Doc. 9-2]. Although the Motion was served on Plaintiff's counsel, the record does not disclose whether the Motion was ever filed with the Ontario Court.

---

[1]The Plaintiff alleges that the Defendant is a citizen and resident of Toronto, Ontario, Canada. [See Notice of Removal, Doc. 1 at 2].

Beginning in October 2010, the parties' Canadian counsel communicated through a series of e-mails regarding the appropriate forum for this matter. The parties finally reached an agreement, which Plaintiff's Canadian counsel summarized in a January 10, 2011 e-mail to the Defendant's Canadian counsel as follows:

> On the condition that your client [the Defendant] will not contest jurisdiction in North Carolina and, if and when judgment is obtained in North Carolina, will not attempt to relitigate in Canada (specifically will not attempt to raise any defences that could or should have been raised in North Carolina), my client [the Plaintiff] is prepared to stay the action in Canada and commence an action in North Carolina.

[E-mail Correspondence, Doc. 9-3 at 1]. Thereafter, on February 7, 2011, the Plaintiff filed the present deficiency action in the Superior Court for Macon County, North Carolina ("North Carolina Action"). [Complaint, Doc. 1-1 at 8]. The Defendant removed the North Carolina Action to this Court on April 19, 2011. [Notice of Removal, Doc. 1].

In the meantime, on December 13, 2010, the Ontario Court entered a Notice advising that the Canadian Action would be dismissed as abandoned. [Notice, Doc. 11-1]. The Notice was sent to counsel for both parties, but due to an error within the office of Plaintiff's counsel, the Notice was not brought to Plaintiff's counsel's attention. [See Affidavit of Dana Turple, Doc. 11-3 at

¶9].  On February 7, 2011, the Ontario Court entered an Order dismissing the Canadian Action as abandoned.  [Order, Doc. 11-2].

The Plaintiff thereafter moved to set aside the Order of the Ontario Court dismissing the action.  By an Order entered January 5, 2012, the Ontario Court granted the Plaintiff's motion and reinstated the Canadian Action. Further, finding that the parties had agreed through their e-mail correspondence to stay the Canadian Action, the Ontario Court stayed the action pending the outcome of the North Carolina Action.  [Id.].

On January 31, 2012, the Plaintiff filed the present Motion for Summary Judgment, arguing that the undisputed facts entitle it to a deficiency judgment as a matter of law.  [Doc. 9].  The Defendant filed his Response on February 14, 2012, arguing that the Plaintiff's North Carolina Action is barred by the statute of limitations and requesting the entry of summary judgment in his favor pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure.  [Doc. 11].  The Plaintiff filed its Reply on February 22, 2012.  [Doc. 13].

On April 5, 2012, the Court entered an Order pursuant to Federal Rule of Civil Procedure 56(f)(1), giving the Plaintiff an opportunity to respond to the Defendant's request for entry of judgment.  [Doc. 15].  The parties filed a Joint

Response on April 12, 2012, advising that they believed the issues to have been fully briefed in their prior submissions to the Court. [Doc. 17].

Having been fully briefed, this matter is ripe for disposition.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." News and Observer Pub. Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

5

## III.  DISCUSSION

The Defendant contends that the deficiency action filed by the Plaintiff in North Carolina is barred by the applicable statute of limitations.[2]  In response, the Plaintiff argues that the North Carolina Action is not barred because the Plaintiff commenced the proceedings in Canada in a timely manner.  In any event, the Plaintiff contends, the Defendant should be estopped from making such an argument because the Defendant agreed to stay the Canadian action in order to allow the parties to proceed with litigation in North Carolina.

The Plaintiff offers no citation of authority for its argument that the timely filing of the Canadian action renders the North Carolina timely as well. Section 1-54(6) of the North Carolina General Statutes provides for a one-year limitations period for the filing of an action "[f]or a deficiency judgment on any debt, promissory note, bond or other evidence of indebtedness after the foreclosure of a mortgage or deed of trust on real estate securing such debt, promissory note, bond or other evidence of indebtedness . . . ."  N.C. Gen. Stat. § 1-54(6).  This one-year limitations period "commences with the date of

---

[2]The Defendant also raised the affirmative defenses of waiver and estoppel in his Answer.  The Defendant, however, offers no argument in his Response in support of these affirmative defenses.  As such, they are deemed abandoned.

the delivery of the deed pursuant to the foreclosure sale." Id. In the present case, the Trustee's Deed was "delivered" on January 13, 2010, when the Deed was recorded with the Macon County Register of Deeds. See Ballard v. Ballard, 230 N.C. 629, 633, 55 S.E.2d 316, 320 (1949) (noting that effective delivery of deed occurs when grantor causes the written instrument to be recorded). The Canadian Action was filed well within this one-year limitations period. The fact that the deficiency action in Canada may have been timely filed, however, has no effect on the timeliness of the filing of the North Carolina Action. The North Carolina Action was filed on February 7, 2011, twenty-five days after the one-year statute of limitations had expired. As such, the North Carolina Action is untimely.

The Plaintiff appears to argue that by agreeing to stay the Canadian Action so that the North Carolina Action could be commenced, the Defendant waived any statute of limitations defense. Nothing in the parties' agreement, however, requires the Court to find such a waiver. The parties agreed to stay the Canadian Action on two conditions: (1) that the Defendant would not contest jurisdiction in North Carolina and (2) that, if and when judgment was obtained in North Carolina, the Defendant would not attempt to relitigate in Canada. [E-mail Correspondence, Doc. 9-3]. In agreeing to stay the

Canadian Action, the Defendant did not agree to toll, extend, or otherwise stay the operation of the statute of limitations for any length of time in order for the North Carolina Action to be filed. The Plaintiff's waiver argument, therefore, is simply without merit.

Apparently relying upon principles of equity, the Plaintiff argues that the Defendant should be estopped from raising the statute of limitations defense because he agreed to litigate the matter in North Carolina. Again, the Plaintiff cites no authority in support of this argument. The Court finds nothing inherently inequitable in the Defendant asserting the statute of limitations in this case. The Defendant agreed not to contest any issues of *jurisdiction* in the North Carolina Action. The applicability of a statute of limitations is not a jurisdictional issue. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 654 n.8 (4th Cir. 2006). Further, the parties reached their agreement regarding the North Carolina forum before the one-year limitations period had expired. Thus, the Plaintiff had every opportunity to commence its North Carolina Action in a timely manner, but for whatever reason, chose not to do so. The Plaintiff's inaction cannot be fairly attributed to the Defendant under these circumstances.

8

In sum, the Court concludes that the Plaintiff's North Carolina action is barred by the applicable statute of limitations found in N.C. Gen. Stat. § 1-54(6). Accordingly, the Plaintiff's Motion for Summary Judgment is denied. Reasonable notice and an opportunity to respond having been given to the Plaintiff [see Doc. 15], the Defendant's request for the entry of summary judgment in his favor pursuant to Rule 56(f) of the Federal Rules of Civil Procedure is granted, and this case is dismissed. Dismissal of the present action is not intended in any way to prejudice the Plaintiff's right to proceed against the Defendant in its Canadian Action.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, summary judgment is hereby **GRANTED** in favor of the Defendant, and this case is **DISMISSED**.

A Judgment consistent with this Memorandum of Decision and Order shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: April 12, 2012

Martin Reidinger
United States District Judge